# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Anthony D. Snowden, | Case No.: 2:20-cv-00360-JAD-VCF |
| Plaintiff | |
| v. | **Order Granting Motion to Dismiss with Limited Leave to Amend *Monell* Claims** |
| Steven B. Wolfson and Clark County, | [ECF No. 6] |
| Defendants | |

This case arises from plaintiff Anthony D. Snowden's allegedly unlawful arrest and detention in 2018. He sues Clark County and its District Attorney Steve Wolfson in his official capacity under 42 U.S.C. § 1983 and Nevada law. The defendants move to dismiss Wolfson from the suit as an unnecessary and redundant party. They also seek to dismiss several of Snowden's claims, arguing that they are insufficiently pled and barred by various immunities. Snowden maintains that he has pled sufficient facts to satisfy federal pleading requirements and that the County is not immune from his claims because it lacked probable cause to arrest him.

I first dismiss the claims against Wolfson because his participation is duplicative of Snowden's claims against the County. I then grant the defendants' motion to dismiss Snowden's federal claims under *Monell v. Department of Social Services* as insufficiently pled. But because amendment may cure his defects, I grant Snowden limited leave to amend them. Finally, because absolute and discretionary-function immunity bar Snowden's state-law claims for intentional infliction of emotional distress and negligent training and supervision, respectively, I dismiss them both with prejudice.

**Background**[1]

One February morning, Snowden was pulled over for a minor traffic violation.[2]  To his surprise, he was arrested for an outstanding warrant and held in jail for six days.[3]  Years before, Snowden owned and managed a nonprofit organization.[4]  During his time there, Snowden wrote checks to his employees.[5]  But in 2015, one of the employees altered his check in hopes of cashing it twice at a local casino.[6]  When the check bounced, the casino referred the check to the Clark County District Attorney's (CCDA) Bad Check Unit.[7]

Seeking to resolve the problem, the CCDA reached out to Snowden months later.[8]  But by that point, the organization had filed for bankruptcy.[9]  Assuming the debt was the organization's, Snowden ignored the CCDA's efforts.[10]  When the CCDA tried to contact him again, he responded by telling them to take its claim to the bankruptcy court.[11]  Eventually, the CCDA notified Snowden that it had filed charges against him.[12]  So Snowden got to work, compiling evidence that would prove the check was forged and that he had done nothing

---

[1] This is merely a summary of Snowden's allegations and not findings of fact.

[2] ECF No. 1 at ¶ 27.

[3] *Id.*

[4] *Id.* at ¶ 13.

[5] *See id.* at ¶ 15.

[6] *Id.* at ¶¶ 15–16.

[7] *Id.* at ¶ 16.

[8] *Id.* at ¶ 17.

[9] *Id.* at ¶ 14.

[10] *Id.* at ¶ 17.

[11] *Id.* at ¶ 18.

[12] *Id.* at ¶¶ 19–20.

1  wrong.[13]  After receiving a copy of the check, a CCDA attorney told Snowden where he could

2  submit the evidence to resolve the outstanding warrant.[14]  But after that conversation with the

3  prosecutor, he never heard from her again.[15]

4       After Snowden was arrested in 2018,[16] the charges against him were eventually

5  dropped.[17]  He now sues the County and District Attorney Steve Wolfson, in his official

6  capacity, asserting five claims: "civil rights violations" of § 1983; false arrest; false

7  imprisonment; negligent hiring, training, and retention; and intentional infliction of emotional

8  distress.[18]  The defendants move to dismiss Snowden's action, arguing that he has failed to state

9  a federal claim for relief against the County under *Monell v. Department of Social Services*, his

10  state law claims are barred by various immunities, and his official-capacity claims against

11  Wolfson are duplicative of his claims against the County.[19]

**Discussion**

13  **I.      Snowden's official-capacity claims against Wolfson are duplicative.**

14       Snowden sues both Wolfson in his official capacity and the County.  The defendants

15  argue that Wolfson's participation is redundant and seek his dismissal, which Snowden does not

16  oppose.  If the government receives adequate notice and is given an opportunity to respond, an

17  official-capacity suit against an individual governmental agent is treated like a suit against the

[13] *Id.*
[14] *Id.* at ¶ 24.
[15] *Id.* at ¶¶ 25–26.
[16] *Id.* at ¶ 27.
[17] *Id.* at ¶ 28.
[18] ECF No. 1.
[19] ECF No. 6.

3

1  entity.[20]  And dismissal is appropriate where the named-individual claim is redundant.[21]

2  Because Snowden named the County in this action, his claims against Wolfson in his official

3  capacity are redundant and I dismiss them.  And because Wolfson was named only in his official

4  capacity, I dismiss him from this case entirely.

5  **II.      Snowden fails to state a claim for relief under *Monell*.**

6          Snowden seeks to hold the County liable under § 1983 for his arrest.  He also seeks to

7  hold the County liable for false arrest and false imprisonment, which the defendants characterize

8  as state-law claims.  Though I recognize that these are claims cognizable in Nevada, Snowden

9  makes it clear in his complaint that he brings these claims under federal law.[22]  Because

10  Snowden sues the County only, his § 1983 claims must meet the standard set forth in *Monell*.

11  And because absolute immunity does immunize the County under federal law, I decline to apply

12  that standard to Snowden's federal claims.[23]  I still dismiss Snowden's *Monell* claims because

13  they are inadequately pled, but because I am not yet convinced that he cannot state a claim for

14  relief, I grant him leave to amend his complaint to attempt to cure the deficiencies outlined

15  below.

16

17

---

18  [20] *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

19  [21] *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't.*, 533 F.3d 780, 799 (9th Cir. 2008); *see Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1250 (9th Cir. 2016).

20  [22] *See* ECF No. 1 at ¶¶ 40–45, 72, 76, 85, 86, 90.  Snowden's state-law claims confirm this reading.  *Compare id. with id.* at ¶¶ 94 ("Under Nevada law. . . .").

21
22  [23] *Graham*, 473 U.S. at 166–67 ("When it comes to defenses to liability, an official in a personal-capacity action may, depending on his position, be able to assert personal immunity defenses, such as objectively reasonable reliance on existing law.  In an official-capacity action, these
23  defenses are unavailable.  The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment.").

1        Generally, municipalities are not liable under § 1983 unless the "municipality *itself*

2   causes the constitutional violation at issue."[24]  In *Monell*, the Supreme Court held that liability

3   extends to a local government only when the constitutional violation was the result of its policy,

4   practice, or custom, or a decision-making official directed or ratified the complained-of

5   conduct.[25]  So a plaintiff must show that the policy or lack thereof caused his injury to succeed

6   on a *Monell* claim.[26]  A plaintiff may recover under *Monell* based on one of three theories:[27] (1)

7   commission—when a municipality establishes an official policy or custom that causes the injury;

8   (2) omission—when a municipality's oversight amounts to a deliberate indifference to a

9   constitutional right;[28] or (3) ratification—when a policymaker authorizes or approves of the

10  constitutional injury.[29]  While it is unclear from Snowden's complaint which theory he bases his

11  *Monell* claim on, he does not satisfy any of them.

12       Though Snowden now argues that the policy that underlies his complaint is the County's

13  policy of "arresting first and asking questions second," citing over thirty paragraphs of his

14  complaint to support this assertion, no paragraph alleges such a policy.  Instead, each allegation

15  Snowden raises describes the County's alleged inadequacies in pursuing a case against him.[30]

16  While a plaintiff may allege "single-incident liability" to prove that the municipality acted with

17

18  [24] *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (emphasis in original).

    [25] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).
19
    [26] *Bd. of Cnty. Comm'rs of Bryan Cnty, Okl. v. Brown*, 520 U.S. 397, 403–04 (1997).

20  [27] *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).
21
    [28] *Id.* at 1249.

22  [29] *Id.* at 1250.

23  [30] *See, e.g.*, ECF No. 1 at ¶ 37 ("Had Clark County . . . properly closed the loop on the matter . . . none of this would have happened."), ¶ 47 ("Had the DA's Office used any type of diligence in the matter . . . ."), ¶ 73 (same), ¶ 87 (same).

5

1  deliberate indifference under an omission theory, it is "rare" and occurs only "in a narrow range

2  of circumstances."[31]  To prove single-incident liability, the plaintiff must show "[t]he likelihood

3  that the situation will recur and the predictability that an officer lacking specific tools will violate

4  citizens' rights."[32]  Snowden has failed to show that his case falls within the narrow

5  circumstances for single-incident liability because he has not alleged either a likelihood of

6  recurrence or predictability of a constitutional violation.

7       Because Snowden's complaint fails to articulate a policy or lack thereof that caused his

8  injury, he has not pled sufficient facts to "state a claim to relief that is plausible on its face"[33] and

9  I dismiss his § 1983 claims against the County.  But because I am not yet convinced that he is

10  unable to do so, I grant him limited leave to amend them.  If Snowden chooses to amend his

11  complaint, he must allege true facts that plausibly show at least one of the *Monell* theories: the

12  County either had an official policy or unofficial custom of the conduct that produced his injury;

13  the County had a policy amounting to deliberate indifference by showing either "[a] pattern of

14  similar constitutional violations by untrained employees" exists or "the unconstitutional

15  consequences of failing to train" are "so patently obvious that a [County] could be liable . . .

16  without proof of a pre-existing pattern of violations;"[34] or a policymaker with decision-making

17  authority within the County approved the allegedly unconstitutional decision.[35]  If Snowden

18  chooses to file an amended complaint, he must do so by January 13, 2021.  If he does not file an

19

20  ─────────────────
   [31] *Connick v. Thompson*, 563 U.S. 51, 63–64 (2011).

21  [32] *Bd. Cnty. Comm'rs of Bryan Cnty.*, 520 U.S. at 409.

22  [33] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 8(a)(2).

   [34] *Connick*, 563 U.S. at 61 (quotation omitted).

23  [35] *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–68 (1970)).

1  amended complaint by this deadline, this case will be dismissed and closed without further prior

2  notice.

3

4  **III.  Snowden's state-law claims**

5  **A.  Absolute immunity bars Snowden's intentional-infliction-of-emotional-distress claim.**

6  The County argues that it is wholly immunized from Snowden's state-law claims because

7  "Nevada follows the same rules of prosecutorial immunity" as the federal *Imbler v. Pachtman*

8  standard.[36]  Snowden contends that the County's actions fall outside the reach of absolute

9  immunity because that protection requires a prosecutor to act with probable cause.[37]  But

10  probable cause is not what determines whether such immunity applies.  Instead, the question is

11  whether the "acts complained of [are] 'intimately associated with the judicial phase of the

12  criminal process.'"[38]  Protected acts include "initiating a prosecution," "presenting the [S]tate's

13

14

15

---

16  [36] ECF No. 6 at 9 (citing *Edgar v. Wagner*, 699 P.2d 110 (Nev. 1985)).  The defendants' position here is perplexing because if Nevada followed *Imbler v. Pachtman*, 424 U.S. 409, 428 (1976),

17  the County would not enjoy a personal-immunity defense like absolute immunity because respondeat superior liability does not exist under § 1983.  Although it does not appear that

18  Nevada has explicitly confirmed whether a County may claim such immunity, various cases and Nevada's vicarious-liability statute indicate that the County may claim such a defense.  *See State*

19  *v. Second Judicial Dist. Ct. ex rel. Cnty. of Washoe*, 55 P.3d 420, 426 (Nev. 2002) (extending absolute immunity to a State agency); *Washoe ex rel. Office of Dist. Atty., Nonsupport Div. v.*

20  *Second Judicial Dist. Ct. of State of Nev. In & For Washoe Cnty.*, 652 P.2d 1175, 1176–77 (Nev. 1982); *cf. ASAP Storage, Inc. v. City of Sparks*, 173 P.3d 734, 745 (Nev. 2007) (citing Nev. Rev.

21  Stat. § 41.745) (noting that a municipality could be "potentially vicariously liable for" "non-immunized acts by its workers" because "a municipality like the City is generally deemed

22  vicariously liable for its employees' acts that occur within the course and scope of employment"); Nev. Rev. Stat. § 41.745.

23  [37] ECF No. 8 at 10–12.

[38] *Edgar*, 699 P.2d at 112 (quoting *Imbler*, 424 U.S. at 428).

1 case,"[39] and "prepar[ing] and filing" "charging documents."[40]  But acts that are administrative or

2 investigatory in nature are eligible for only qualified immunity.[41]

3        The injury-producing conduct that underlies Snowden's intentional-infliction-of-

4 emotional-distress claim—that the prosecutors chose to prosecute Snowden even though the

5 check appeared to be forged and refused to dismiss the charges once they received evidence of

6 Snowden's innocence—is best characterized as "initiating a prosecution" and "preparing and

7 filing" documents for Snowden's arrest.[42]  Importantly, Snowden does not allege that the

8 prosecutors investigated his claim and in that process intentionally harmed him—he alleges that

9 he was harmed because they allowed him to be arrested.  These actions are protected by absolute

10 immunity because they are intimately related to the judicial phase of the criminal process.  So I

11 dismiss Snowden's state-law intentional-infliction-of-emotional-distress claim against the

12 County.

13

14 **B.      Discretionary-act immunity bars Snowden's negligent-training-and-supervision claim.**

15        In his fourth claim for relief, Snowden seeks to hold the County liable for failing to

16 supervise its attorney in reviewing exculpatory evidence that was sent to her.  The County moves

17 to dismiss this claim based on discretionary-act immunity under NRS 41.032.[43]  NRS 41.032

18 immunizes state officers, agencies, and political subdivisions from actions "based upon the

19 exercise or performance or the failure to exercise or perform a discretionary function or duty on

20

21 [39] *Imbler*, 424 U.S. at 431.

22 [40] *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997).

[41] *Edgar*, 699 P.2d at 112.

23 [42] *Kalina* at 129

[43] ECF No. 6 at 13.

the part of the State or any of its agencies or political subdivisions . . . ."[44]  Nevada has adopted a

two-part test to determine whether an act "fall[s] within the scope of [this] discretionary-act

immunity."[45]  First, it must "involve an element of individual judgment or choice."[46]  Second, it

must "be based on considerations of social, economic, or political policy."[47]  "[D]iscretionary

decisions that fail to meet the second criterion of this test remain unprotected by NRS

41.032(2)'s discretionary-act immunity."

Snowden does not dispute that the County's decision to supervise its attorney was

discretionary.[48]  Instead, "[h]e is arguing that [it] failed to use [its] discretionary functions in a

Constitutionally [] prudent manner."[49]  But as NRS 41.032(2) states, immunity attaches "whether

or not the discretion involved is abused,"[50] so it is immaterial to this analysis that the County

allegedly "abdicated [its] discretionary functions."[51]  Because the decision about the level of

supervision that the County exercised over its employees involves an element of choice and is

subject to political, social, and economic considerations,[52] I dismiss this claim against the

County with prejudice based on discretionary-act immunity.

---

[44] Nev. Rev. Stat. 41.032(2).

[45] *Paulos v. FCH1, LLC*, 456 P.3d 589, 595 (Nev. 2020).

[46] *Martinez v. Maruszczak*, 168 P.3d 720, 729 (Nev. 2007).

[47] *Id.*

[48] *See* ECF No. 8 at 17 ("Mr. Snowden is not complaining that Ms. Morales or Defendants erred in their discretionary functions, per se. *He is arguing that they failed to use their discretionary functions in a Constitutionally-prudent manner.*") (emphasis in original).

[49] *Id.*

[50] Nev. Rev. Stat. 41.032(2).

[51] ECF No. 8 at 17.

[52] *See Paulos*, 456 P.3d at 596.

**Conclusion**

IT IS THEREFORE ORDERED that defendants' motion to dismiss **[ECF No. 6] is GRANTED IN PART:**

- Snowden's claims against Wolfson are dismissed;

- Snowden's *Monell* claims are dismissed with leave to amend;

- Snowden's claim for negligent training, hiring, and supervision against the County is dismissed with prejudice; and

- Snowden's claim for intentional infliction of emotional distress is dismissed with prejudice.

IT IS FURTHER ORDERED that **Snowden has until January 13, 2021, to file an amended complaint consistent with this order.  If he fails to do so, Snowden's § 1983 claims will be deemed abandoned and dismissed with prejudice, and this case will be closed without further prior order.**

IT IS FURTHER ORDERED that **the Clerk of Court is directed to terminate defendant Steven B. Wolfson from this action.**

_____
U.S. District Judge Jennifer A. Dorsey
December 23, 2020

10